## ROYAL INSURANCE COMPANY OF AMERICA, Appellant,

v.

## Laurell B. THARP, Appellee.

### No. 2–83–216–CV.

Court of Appeals of Texas, Fort Worth.

July 5, 1984.

---

Richard U. Simon, Jr. and Anne Gardner, Simon, Peebles, Haskell, Gardner & Betty, Fort Worth, for appellant.

Michael Felber, Denbow, Wells, Williford & Felber, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

OPINION

ASHWORTH, Justice.

In this workers' compensation case, the insurance carrier appeals the jury finding of good cause for late filing of the worker's claim for compensation.

Judgment affirmed.

In answer to special issues, the jury found that within six months of his injury, appellee believed his injury was trivial; that such belief caused him to delay filing a claim until the claim was filed; and such belief was good cause for his delay in filing. The jury was instructed that "good cause" exists when the claim has been prosecuted with such diligence as an ordinarily prudent person would have used under the same or similar circumstances.

In two points of error, appellant contends there was no evidence that the belief the injury was trivial amounted to good cause for delay in filing, and that the evidence established as a matter of law that appellee failed to prosecute his claim with the diligence that would have been used by an ordinarily prudent person.

In reviewing appellant's first point of error of "no evidence," we must consider only the evidence and inferences from that evidence which supports the jury findings and disregard all evidence and inferences to the contrary. *Dolenz v. Continental Nat. Bank of Fort Worth,* 620 S.W.2d 572 (Tex.1981). Keeping in mind the principle which must be applied, we will examine some of the evidence reflected in the record.

Dawn Gerland, a claim representative for appellant, testified she set up a file on appellee on February 29, 1980. Appellee was paid compensation for 35 weeks and four days. Appellee was paid for each week from July 22, 1980, until January of 1981 as a result of an injury on February 29, 1980. Appellee's medical expenses were paid during that period. On Novem-

ber 13, 1980, Gerland wrote appellee a letter concerning a Tinsley unit, a nerve stimulator furnished appellee on his doctor's advice regarding appellee's claim of February 29, 1980. Gerland was first aware in December, 1980, that appellee had engaged an attorney.

Laurell B. Tharp, appellee, testified he was a twenty year employee of General Motors, as a booth cleaner and janitor, was 53 years of age, and had gone to the ninth grade. Appellee's testimony about his history of back trouble was confused, but it dated back to 1967, and included surgery in that year as well as in 1973. He injured his back again in 1977 when he slipped and fell. Some time afterward, he had to go on sick leave when he was on a job shoveling lead in a lead booth. He had missed work due to depression prior to the injury in question.

When he came back to work, he was assigned work operating a spot-weld gun on the assembly line. His back started hurting and his hand was swollen as a result of this work and he went home on February 29, 1980, and started seeing his doctor. He went back to work on a light duty job, apparently in July, 1980. Appellee's testimony is not clear as to how long he worked on the light duty job. He was examined at appellant's request by a Dr. Stasikowski in December, 1980, who told appellee he was going to send him back to work. Appellant then went to see a lawyer.

Appellee stated up to this time he was hoping to go back to work. He did not know how much time he had to file a claim and thought the lawyers took care of it. He did not know how serious his injury was, knew it was kind of bad, but was trying to come out of it. On cross-examination many of appellee's answers consisted of "I don't remember", and "I don't know."

Dr. Isaac Van Zandt's testimony was introduced through his deposition. An orthopedic surgeon, Dr. Van Zandt had treated appellee for back problems since 1972, including an operation in 1973. He continued to treat appellee for back problems, including the injury of February 29, 1980. On November 7, 1980, Dr. Van Zandt made a notation as part of an office visit that appellee had made considerable improvement but is not able to enter the employment field yet.

Dr. J. John Stasikowski, an orthopedic surgeon, testified through his deposition. Dr. Stasikowski examined appellee on December 2, 1980, at the request of appellant. His testimony adds nothing significant to consider with regard to the "good cause" question.

■ In summary, in this case we have a twenty year employee with limited education and poor skills of communication. He has a long history of back problems, missing work on many occasions due to such problems as well as other injuries, but is always able to return to work. He sustains an injury on February 29, 1980, and is off work for some period of time. He returns to light duty work, but is unable to perform, discontinues work and continues his medical treatment. He is receiving workers' compensation and his medical expenses are being paid. He is examined by a doctor at appellant's request and is advised he is being sent back to work. He then sees an attorney and a claim is filed on December 29, 1980, concerning the February 29, 1980, injury. His workers' compensation payments are stopped in January, 1981. His reasons for not filing a claim within six months of the injury are that he didn't know how much time he had, he thought the lawyers took care of it, and he was hoping to go back to work. In November, 1980, his doctor states he has made considerable improvement, but is not able to enter the employment field yet.

Applying the principles above enunciated that must be followed, we hold the evidence above summarized is sufficient to warrant the jury's finding that good cause existed for the late filing of appellee's claim. Each case must be evaluated on its own merits, and the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. We

feel obliged to note that in this case, the late filing of the claim did not present appellant with a fraudulent or stale demand making it difficult for it to defend against. Appellant was well aware of the injury, the work missed and the medical care received from the date of the injury, making payments of workers' compensation until the time the claim was filed. Appellant's first point of error is overruled.

Our ruling on appellant's first point of error renders it unnecessary to address its second point; that is that the evidence established as a matter of law that appellee failed to prosecute his claim with the diligence that would have been used by an ordinarily prudent person. Appellant's second point of error is overruled.

Appellee presents a cross-point that appellant has prosecuted a frivolous appeal and should be assessed a ten percent penalty under TEX.R.CIV.P. 435 and 438.

Under the circumstances of this case, we hold appellant's appeal was not frivolous. Appellee's cross-point of error is overruled.

Judgment affirmed.